PAUL V. GONZALEZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gonzalez v. Commissioner
Docket No. 7474-91
United States Tax Court
T.C. Memo 1992-313; 1992 Tax Ct. Memo LEXIS 335; 63 T.C.M. (CCH) 3087; June 3, 1992, Filed *335 An order granting respondent's motion to dismiss will be entered. Ronald J. Denicola, for petitioner. Roderick H. Fillinger, for respondent. BEGHE
BEGHE
MEMORANDUM OPINION BEGHE, Judge: By statutory notice of deficiency, respondent determined petitioner's 1988 Federal income tax deficiency and additions to tax in the following amounts: Additions to Tax
Sec.
Sec.
Deficiency
6653(a)(1)
6661
$ 8,149.00
$ 407.47
$ 1,860.50
Petitioner sought a redetermination by filing a petition with this Court. Respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not mailed or filed within the 90-day period prescribed by sections 6213(a) [1] and 7502,and petitioner filed an objection. Petitioner was a resident of Sharonville, Ohio, when he filed his petition. There was a hearing on the motion in Cincinnati, *336 Ohio. For the reasons that follow, we grant respondent's motion to dismiss for lack of jurisdiction. Background
Petitioner asserts that respondent's statutory notice of deficiency was dated January 18, 1991, that respondent mailed the notice to him on that date, and that he received it in late January 1991. Petitioner mailed his petition on April 15, 1991, and it was filed with the Court on April 22, 1991. The period from January 18, 1991 to April 15, 1991 is 87 days. Petitioner did not attach to his petition a complete copy of the statutory notice, as required by Rule 34(b)(8). [2] He later filed a photocopy of the omitted first two pages of the notice after the Court ordered him to do so. The first page of petitioner's later-filed copy of the notice appears to bear the stamped date "JAN 18 1991". Respondent asserts that she mailed the statutory *337 notice of deficiency on December 18, 1990. In support of her assertion, respondent produced a copy of the notice bearing the stamped date "DEC 18 1990" and a copy of U.S. Postal Service Form 3877 postmarked "DEC 18 1990", indicating that the notice was mailed to petitioner by certified mail on that date. The period from December 18, 1990 to April 15, 1991 is 118 days. The Internal Revenue Service (IRS) has instituted regular procedures by which notices of deficiency are issued. When a statutory notice is mailed by certified mail a Postal Service Form 3877 is completed. This form indicates the name and address of the recipient/taxpayer, the type of mail used (e.g., certified, registered, etc.), the certified mail number, and the taxable year(s) in question. After an IRS employee has completed the form, the notices to be mailed, together with the Form 3877, are delivered to the Postal Service. Upon receipt, a Postal Service employee compares the certified numbers and names and addresses on the envelopes with those listed on the Form 3877. The postal clerk then initials the form and dates it with a postmark indicating Postal Service receipt. The clerk then returns the Form 3877 *338 to the IRS as a record of receipt. 2 Audit, Internal Revenue Manual (CCH), sec. 4462.2 at 7900-7902. The first page of the statutory notice of deficiency mailed to petitioner set forth the following direction: If you want to contest this deficiency in court before making any payment, you have 90 days from the above mailing date of this letter * * * to file a petition with the United States Tax Court for a redetermination of the deficiency. To secure the petition form, write to United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217. The completed petition form, together with a copy of this letter must be returned to the same address and received within 90 days from the above mailing date * * *. [Emphasis added.]
Discussion
Petitioner argues that he is entitled to rely on the date stamped on the first page of the statutory notice of deficiency as its mailing date for the purpose of computing the 90-day period within which a petition must be filed with the Court. If we agreed with petitioner that the notice bore the date January 18, 1991, and that petitioner received it after that date, we could find for petitioner, even though respondent *339 had actually mailed the notice on December 18, 1990. This is because a petitioner who receives a statutory notice after the date stamped on the first page of the notice is entitled to rely on that date as the date of mailing for the purpose of calculating the 90-day period. See ; . However, we do not so hold in this case. Not only are we satisfied that respondent mailed the notice on December 18, 1990, we are not convinced that the notice was actually dated January 18, 1991, nor that petitioner received it in late January 1991. In these circumstances, the 90-day period is calculated from the date of mailing in accordance with the usual rules, discussed below, and we lack jurisdiction because petitioner mailed and filed his petition after the 90-day period had expired. Section 6213 provides that a petition for redetermination of a deficiency must be filed with the Tax Court within 90 days after respondent mails the notice of deficiency. Sec. 6213(a). [3] Section 7502 and the regulations thereunder provide that a petition filed with the Tax Court is considered *340 timely filed if it is timely mailed. [4] Sec. 7502(a)(1); sec. 301.7502-1(a), (b)(1)(ii), Proced. & Admin. Regs. A petition is timely mailed if petitioner properly mails his petition to the Tax Court on or before the 90th day after the notice of deficiency is mailed, [5] even if the Court does not receive it until after the 90th day. ; . *341 We lack jurisdiction and must dismiss a case if the petition is not filed with or mailed to this Court within the 90-day period prescribed by section 6213(a). ; . Respondent has the burden of coming forward with evidence that establishes when the notice of deficiency was mailed to petitioner. . To meet this burden, respondent must introduce evidence showing that the notice of deficiency was properly delivered to the Postal Service for mailing and the date it was delivered. This may be done by introducing direct documentary evidence or testimony that the notice was mailed on a particular date. ; , affd. per curiam . The Secretary is authorized to mail notices of deficiency to taxpayers by certified mail. Sec. 6212(a). A Form 3877 reflecting receipt by the Postal Service is direct documentary *342 evidence of the date and fact of mailing by certified mail. ; . A properly completed Form 3877 is highly probative evidence, sufficient to establish that the notice was sent on a particular date. . Accordingly, where the existence of the notice of deficiency is not disputed, a properly completed Form 3877, absent evidence to the contrary, raises a presumption of official regularity and establishes that the notice was properly mailed to the taxpayer. ; . Cf. , affd. without published opinion (Form 3877 alone not conclusive of the existence of a notice of deficiency). If respondent introduces a completed Form 3877, petitioner must rebut the presumption raised by that evidence by affirmatively showing that respondent *343 failed to follow the established procedures. ; (1990); see also . Petitioner has not questioned the existence of the statutory notice of deficiency. He instead disputes the date the notice was mailed and the significance of the Form 3877. As proof of the date of mailing, respondent has entered into evidence a copy of a properly executed Form 3877 and a photocopy of the statutory notice. The Form 3877 indicates that respondent sent a statutory notice by certified mail to petitioner Paul V. Gonzalez at his last known address on December 18, 1990. The Form 3877 also shows the certified mail number of the notice that was printed on the mailing envelope. Respondent's photocopy of the statutory notice bears the stamped date "DEC 18 1990". The documents entered into evidence by respondent are competent evidence that the statutory notice was mailed on December 18, 1990,and we are satisfied that respondent has met her burden of going forward. *344 Although petitioner has questioned the significance of the Form 3877 and argued, citing , that we should disregard it because respondent failed to offer corroborating testimony, the lack of such testimony does not require or convince us to disregard the Form 3877. See ; , to the effect that competent documentary evidence, such as Form 3877, is sufficient to show the act of mailing. To rebut respondent's evidence, petitioner offered his photocopy of the notice that appears to bear the stamped date "JAN 18 1991". However, petitioner's evidence that January 18, 1991 was the mailing date is unreliable. Petitioner neither attached the original nor a copy of the first two pages of the notice of deficiency to his petition. [6] Nor did he produce at the hearing the original notice of deficiency or the envelope in which it was mailed. *345 Petitioner testified that he had not altered the date stamped on the first page of the notice of deficiency. Without disparaging petitioner's honesty, we observe that the original statutory notice or a copy of the original could easily have been altered, and that a photocopy of the altered notice could have been made. There is no clear evidence that petitioner in fact altered the date on the notice, but the existence of a motive to do so, the ease with which such an alteration could have been made,and petitioner's failure to produce the original notice and envelope, together with respondent's persuasive evidence that the notice was mailed on December 18, 1990, lead us to conclude that the notice of deficiency was mailed on December 18, 1990. Petitioner also testified that he did not receive the notice until late January 1991. However, petitioner's evidence is not sufficient to persuade us that the statutory notice was mailed on January 18, 1991. Petitioner acknowledged that he received some certified mail from respondent shortly after December 18, 1990, although he said that it related to another taxable year. Due to the unreliability of petitioner's evidence regarding the *346 date stamped on the notice and when he received it, we do not apply , and , to treat the mailing date as the date stamped on the notice. Having found that respondent mailed the notice of deficiency on December 18, 1990, and that the statutory notice was not dated January 18, 1991, we hold that petitioner did not timely file his petition within the 90-day period set by section 6213(a), and that we lack jurisdiction over this case. To reflect the foregoing, An order granting respondent's motion to dismiss will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in question. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner filed his petition on a standardized form usually used in small tax cases. The form directs the petitioner to attach a copy of the notice of deficiency.↩
3. The period is 150 days if the notice is addressed to a taxpayer outside of the United States. Sec. 6213(a). ↩
4. Other conditions that must be met are that the postmark on the envelope containing the petition be dated within the 90-day period set by sec. 6213(a), that the envelope bear the proper postage, and that it be properly addressed. Sec. 7502(a)(2); . ↩
5. If the 90th day falls on a Saturday, Sunday, or legal holiday in the District of Columbia, the statutory period is extended to the next business day. Sec. 6213(a); sec. 301.7503-1, Proced. & Admin. Regs.↩
6. The first page is the dated page.↩